

# NUMBER 13-09-00021-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHNNY RINEHART, Appellant,

v.

THE STATE OF TEXAS, Appellee.

## On appeal from the 28th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Johnny Rinehart, was charged by indictment with one count of forgery, a state-jail felony. *See* TEX. PENAL CODE ANN. § 32.21(b), (d) (Vernon Supp. 2009). Pursuant to a plea agreement with the State, Rinehart pleaded guilty to the offense. The trial court: (1) accepted Rinehart's plea; (2) sentenced Rinehart to two years' confinement; (3) suspended the sentence; (4) placed Rinehart on probation for five years; and (5)

imposed a $200 fine, $700 in restitution, and $368 in court costs.

On December 15, 2006, the State filed its first motion to revoke, alleging that Rinehart had committed the offense of driving while intoxicated and failed to pay the court-ordered fine, restitution, court costs, and monthly supervision fee, all of which were violations of his probation. At the hearing on the State's first motion to revoke, Rinehart pleaded "true" to the allegations contained in the State's motion to revoke. The trial court accepted Rinehart's plea, extended his probationary period by eighteen months and ordered him to serve twenty-five days in the Nueces County jail and submit to a TAIP evaluation.[1]

On July 10, 2007, the State filed a second motion to revoke, alleging that Rinehart had failed to: (1) report to his probation officer; (2) remain within Nueces County, Texas; and (3) report any change in his residence, job, or job status. Rinehart pleaded "true" to the allegations contained in the State's second motion to revoke. The trial court accepted Rinehart's plea, revoked his probation, reinstated and modified his two-year sentence, and sentenced him to six months incarceration in the State Jail Division of the Texas Department of Criminal Justice with no fine. This appeal ensued.

Rinehart's appellate counsel, concluding that the appeal in this cause is "frivolous and without merit," filed an *Anders* brief, in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Rinehart's

---

[1] "TAIP" is identified on the Texas Department of Criminal Justice website as the "Treatment Alternative to Incarceration Program (CJAD)." *See* Tex. Dep't of Criminal Justice: Definitions & Acronyms, http://www.tdcj.state.tx.us/definitions/definitions-acronyms.htm (last visited Mar. 23, 2010).

court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Rinehart's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on Rinehart, and (3) informed Rinehart of his right to review the record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Rinehart has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Rinehart's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Rinehart and advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at

---

[3] No substitute counsel will be appointed. Should Rinehart wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
15th day of April, 2010.